## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN
## CIVIL ACTION NO. 1:11CV-P68-R

**MICHAEL JOSEPH PATTERSON**                                                                         **PLAINTIFF**

**v.**

**NBC UNIVERSAL, INC.**                                                                                    **DEFENDANT**

## MEMORANDUM OPINION & ORDER

Plaintiff Michael Joseph Patterson, a convicted inmate currently incarcerated at the Luther Luckett Correctional Complex, initiated this civil action against NBC Universal, Inc. For the reasons set forth below, the Court will dismiss Plaintiff's 42 U.S.C. § 1983 claims because it is clear from the face of the complaint that they are time-barred. The Court will allow Plaintiff's state-law claims (invasion of privacy, intentional infliction of emotional distress, and negligence) to proceed for further development.

### I. FACTS

Plaintiff alleges that on October 21, 2007, Defendant, in concert with local police authorities, conducted a "sting operation" in Bowling Green, Kentucky. As part of the sting, Plaintiff claims that Defendant "lured" him to the sting house. He alleges that he had been chatting with an underage "decoy" in an adult chat room. The decoy invited Plaintiff to meet her in person. Plaintiff initially told her she was too young. However, according to Plaintiff, the decoy, knowing of his "vulnerability," persisted, and he agreed to meet the girl at a house in Bowling Green, more than a five-hour drive away. When Plaintiff arrived at the house, he was placed under arrest and taken into custody by the local police.

Plaintiff states that Defendant was present at the sting house and filmed his arrest and search. Defendant then aired the events on national television in a series entitled "To Catch a

Predator." Plaintiff claims that Defendant also has made material related to his on-line conversations with the decoy available to the public on various internet sites.

Plaintiff alleges that Defendant's "libel, slander and defamatory statements" have caused him mental and emotional stress and ruined his reputation. Plaintiff also alleges that Defendant's participation in his arrest and search violated his constitutional rights under the Fourth Amendment. He also asserts state-law claims for intentional disclosure of private facts, intrusion on the right to be left alone, harassment/intentional infliction of emotional distress, and negligence. Finally, he asserts that Defendant is liable for violating the "Journalistic Code of Ethics."

As relief, Plaintiff asks for $40,000,000 each in monetary and punitive damages. He also asks for injunctive relief in the form of having all information about him taken off television and Defendant's website.

## II. ANALYSIS

When a plaintiff is proceeding *in forma pauperis*, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S.199, 215 (2007).

**A.    42 U.S.C. § 1983**

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law."[1] *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). In *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court held that a Fourth Amendment claim "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.

Plaintiff's complaint indicates that the search and his ensuing arrest took place on October 21, 2007. The statute of limitations on his Fourth Amendment claims expired a year

---

[1] Normally, a private individual cannot be held liable under § 1983. However, when a private individual acts in concert with police officials, he may subject himself to liability under § 1983. *See Conradt v. NBC Universal, Inc.*, 536 F. Supp. 2d 380, 389 n.4 (S.D.N.Y. 2008) (collecting cases). Thus, for purposes of initial review only, the Court assumes that the state action element is met.

later on October 21, 2008.[2] Thus, his complaint, which was filed in April 2011, is over two years late necessitating dismissal of the § 1983 claims.

**B.     State-Law Claims**[3]

Plaintiff asserts state-law claims of invasion of privacy,[4] intentional infliction of emotional distress,[5] and negligence. From a survey of federal case law, it appears that other courts have permitted similar claims to proceed. *See, e.g., Conradt*, 536 F. Supp. 2d at 395 (holding that plaintiff could maintain an intentional infliction of emotional distress claim on behalf of her brother's estate where she alleged that defendant's conduct in conjunction with the *To Catch a Predator* series caused her brother to commit suicide); *see also* Heather Berger, *Hot Pursuit: the Media's Liability for Intentional Infliction of Emotional Distress Through Newsgathering*, 27 CARDOZO ARTS & ENT LJ 459 (2009). While it remains to be seen whether Plaintiff can ultimately prevail on these state-law claims, dismissal at this stage is premature.[6]

---

[2]Plaintiff has asserted his Fourth Amendment claim in a variety of different ways: injury to rights (claim 1); media ride along (claim 2); unreasonable search and seizure (claim 4); overly intruding into law enforcement operation (claim 5); zones of privacy (claim 6); and deliberate indifference (claim 11).

[3]It appears that the Court has diversity jurisdiction over the state-law claims. *See* 28 U.S.C. § 1332.

[4]Plaintiff also labels this claim as one of intentional disclosure of private facts (claim 8) and intentional intrusion on the right to be left alone (claim 9).

[5]Plaintiff's harassment claim (claim 7) is best characterized as one for the intentional infliction of emotional distress. *See Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984).

[6]In allowing these claims to proceed, the Court has made no finding that they are timely. Rather, because there may be some issue whether the one-year statute of limitations under KY. REV. STAT. § 413.140 or the five-year statute of limitations under KY. REV. STAT. § 413.120 applies to these claims, the Court finds that dismissal on statute-of-limitations grounds at the initial review stage is not appropriate.

The Court will enter a separate Scheduling Order to govern the development of the surviving state-law claims.

**C.     Journalistic Code of Ethics**

The Court is not aware of any cognizable federal or state-law claim for violations of the "Journalistic Code of Ethics." As such, the Court will dismiss this claim.[7]

### III. ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims and his claim for violation of the "Journalistic Code of Ethics" are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Date:

cc:     Plaintiff, *pro se*
        Defendant

4413.009

---

[7]As noted by the *Conradt* court, however, "[a]lthough unethical conduct, by itself, does not necessarily equate to outrageous conduct, the failure to abide by these journalistic standards may indeed be relevant to . . . whether Dateline acted in a reckless and outrageous manner." *Conradt*, 536 F. Supp. 2d at 397.