UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-68-R

**MICHAEL PATTERSON**                                                           **PLAINTIFF**

v.

**NBC UNIVERSAL, INC.**                                                     **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's motion to dismiss. Def.'s Mot. Dismiss, Docket Number ("DN") 13. The Plaintiff has responded. Pl.'s Resp., DN 17. The Defendant has replied. Def.'s Reply. DN 18. Fully briefed, this matter is now ripe for adjudication. For the following reasons the Defendant's motion is GRANTED.

**I.**

The Court, pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), previously dismissed the Plaintiff's claims arising under 42 U.S.C. § 1983 because they were barred by Kentucky's one-year statute of limitations. *See Patterson v. NBC Universal, Inc.*, No. 1:11-CV-68-R, 2011 U.S. Dist. LEXIS 81701, at *3-5 (W.D. Ky. July 26, 2011). Although the federal claims were dismissed, the Court allowed the Plaintiff's state law claims to proceed past the initial screening. *Id.* at *5-6. The Defendant now moves to dismiss the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

The sole issue before the Court is whether, taking the allegations in the complaint as true, the Plaintiff has put forth a plausible claim for relief. The Court finds that, as a matter of law, the Plaintiff has failed to state a claim upon which relief can be granted for the remaining causes of action. The case will be dismissed.

## II.

On October 21, 2007, the *pro se* plaintiff, Michael Patterson ("Patterson"), was arrested on charges of seeking a sexual encounter with a minor child. On that date, Patterson alleges that Defendant NBC Universal, Inc. ("NBC"), in concert with local law enforcement authorities, conducted a "sting operation" in Bowling Green, Kentucky. As part of the sting, Patterson claims that a "decoy" working for NBC and Perverted Justice, an Internet-safety group, "lured" him to the sting house after a conversation in an adult chat room on the Internet. During the conversation the decoy told Patterson that she was thirteen, and Patterson initially refused to meet her because she was a minor. According to Patterson, the decoy knew his "vulnerability" and continued to insist that they meet in person. Patterson eventually agreed and drove more than five hours from Indiana to Bowling Green to meet the decoy. Upon entering the sting house, Patterson was confronted by Chris Hansen, host of "To Catch a Predator," a reoccurring segment of the NBC news program *Dateline*. Hansen proceeded to interview Patterson about his reasons for being at the house, and, after their conversation, Patterson was arrested and taken into custody by local police.

NBC recorded the entirety of these events, including the initial chat, the interview in the sting house, Patterson's post-arrest interrogation, and the search of his car by police. Then, before the end of 2007, NBC aired footage of these events during a nationwide broadcast of *Dateline*. In addition to the national broadcast, Patterson alleges that NBC made the content of his conversation with the decoy available to the public through publication on various websites.

Patterson now seeks monetary and injunctive relief against NBC based on three state law

causes of action. First, he alleges that NBC intentionally inflicted emotional distress[1] upon him by making the contents of his chat with the decoy available to the public through its website. *See* DN 1, pp. 5-6; DN 1-1, pp. 11-12. According to Patterson, NBC published this information "for the [sole] purpose of enabling [the] public to view [the] contents of [a] conversation between suspect and 'decoy' . . . . A person can only handle so much ignorance and exposure and unwanted plus un-needed publicity." DN 1-1, pp. 11-12.

Second, Patterson argues that NBC violated his right to privacy in three ways. First, NBC violated the right by being present at and recording the police search of his car subsequent to his arrested. *See* DN 1, pp. 4-5; DN 1-1, p. 7. Second, NBC intentionally disclosed private facts about Patterson when it published portions of his conversation with the decoy. *See* DN 1, p. 6. According to Patterson, NBC disclosed the conversation before he was convicted of any crime in order "to intentionally make the suspect look guilty in the public eye . . . ." DN 1-1, p. 12. Third, NBC, through the use of the decoy, violated Patterson's right to be left alone. *See* DN 1, pp. 6-7. Upon learning that the decoy was thirteen, Patterson allegedly told the decoy that she was too young for them to meet. Despite Patterson's initial rejection, the "'decoy' knew suspect['s] vulnerability would wear on him and he would cave if pressured enough." *Id.* at p. 6. According to Patterson, NBC violated his right to be left alone by continuing to "lure" him to Bowling Green after he rejected the decoy's initial offer. *Id.*

Finally, Patterson asserts a claim of negligence against NBC. *See* DN 1, p. 7; DN 1-1, p. 17-18.

### III.

The Federal Rules of Civil Procedure require that pleadings, including complaints,

---

[1] Patterson's complaint stated a cause of action for "harassment," which the Court categorized as a claim for the intentional infliction of emotional distress in its previous opinion. *See Patterson v. NBC Universal, Inc.*, No. 1:11-CV-68, 2011 U.S. Dist. LEXIS 81701, at *5 (W.D. Ky. July 26, 2011).

contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

**IV.**

NBC moves to dismiss Patterson's cause of action for the intentional infliction of emotional distress ("IIED") on the grounds that it is barred by Kentucky's one-year statute of limitations for libel and slander found in KRS § 413.140(1)(d).  According to NBC, this statute of limitations is applicable to Patterson's claim for IIED because, as pled in the complaint, that cause of action "springs" from the publication of allegedly defamatory material.  In other words, the IIED claim is based on an underlying allegation of defamation, and where the defamation claim is time-barred so too is the IIED claim arising from it.

"The rule is firmly established in Kentucky that a statute of limitations which specifically mentions a recognized tort applies to all actions founded on that tort regardless of the method by which it is claimed the tort has been committed." *Lashlee v. Sumner*, 570 F.2d 107, 109 (6th Cir. 1978) (citing *Staggs v. Stanton*, 532 S.W.2d 442 (Ky. 1975)); *see Branham v. Micro Computer Analyst*, 350 F. App'x 35 (6th Cir. 2009).  Additionally, "a specific statute of limitations covers all actions whose real purpose is to recover for the injury addressed by it in preference to a general statute of limitations." *Lashlee*, 570 F.2d at 109.  Accordingly, if Patterson's claim for IIED is founded on libel or slander, then that claim will be barred by the one-year statute of limitations.

Patterson's IIED claim is clearly founded on allegations of libel and slander by NBC and its affiliates.[2]  As specifically stated in the IIED portion of Patterson's complaint, "NBC Dateline

---

[2] In his response to the motion to dismiss, Patterson argues that his claim for IIED is not time-barred by KRS 413.140(1)(d) because "the acts which gave rise to his [IIED claim] occurred several months prior to the publication of the report." Pl.'s Resp., DN 17, p. 7.  Patterson essentially argues that his IIED claim is wholly unrelated to any publication by NBC and should stand alone as a cause of action based on the events of October 21, 2007.  This argument was raised for the first time in his response brief and will not be considered by the Court. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997) ("Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss.").  Although Patterson argues he pled IIED based on the events of October 21, 2007, "in the alternative" of any publication by NBC, this is not the case.  The cause of action for IIED in his

put a link on their website . . . so the public could see the conversation between suspect and 'decoy.'" DN 1, p. 6. This "conversation has been on the website from the time of the sting up to the present date. A person can only handle so much ignorance and exposure and unwanted plus un-needed *publicity*." DN 1-1, p. 12 (emphasis added). Patterson's cause of action for IIED clearly "springs" from libel and slander, is barred by the statute of limitations found in KRS § 413.140(1)(d), and will be dismissed.

## V.

NBC also moves to dismiss Patterson's claims for the invasion of privacy. The Kentucky Supreme Court recognized this tort in *McCall v. Courier-Journal*, 623 S.W.2d 882, 887 (Ky. 1981). Under the Restatement (Second) of Torts § 652A, adopted in *McCall*:

> (1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
>
> (2) The right of privacy is invaded by
>    (a) unreasonable intrusion upon the seclusion of another . . . ; or
>    (b) appropriation of the other's name or likeness . . . ; or
>    (c) unreasonable publicity given to the other's private life . . . ; or
>    (d) publicity that unreasonably places the other in a false light before the public . . . .

As described above, Patterson has alleged three different theories for the invasion of privacy. In light of NBC's motion to dismiss, the Court addresses each of them in turn.

### A.

Under the Restatement (Second) of Torts § 652B, "One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." It is important to note that this tort

---

complaint is clearly and exclusively based on NBC's publication of the conversation with the decoy. There are no separate IIED claims in the complaint.

>does not depend upon any publicity given to the person whose interest is invaded or to his affairs. It consists only of an intentional interference with his interest in solitude or seclusion, either as to his person or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man.

*Id.* at § 652B cmt. a; *see Johns v. Firstar Bank, NA*, 2006 Ky. App. Unpub. LEXIS 1025, at *7 (Ky. App. March 24, 2006) ("Comment (a) makes clear that liability under this section stems from the intrusion itself and is not dependent on any publicity given to the person whose interests are invaded.").

In the present case, Patterson alleges that NBC committed an "invasion of privacy" by being present and recording the police search of his car subsequent to his arrest. DN 1, pp. 4-5. Although not specifically alleged pursuant to the Restatement, the Court finds that this claim is most properly categorized as an alleged violation of the right to privacy arising under §§ 652A(2)(a) and 652B. This cause of action fails as a matter of law, however, because the protections of § 652B do not extended to Patterson's car in this case, especially in the face of a criminal investigation and search.

An intrusion upon seclusion may occur by some "form of investigation or examination into [the plaintiff's] private concerns, as by opening his private and personal mail, searching his safe or wallet, examining his private bank account, or" some other place that the plaintiff holds apart and separate from publicity and public view. *Id.* at § 652B cmt. b. None of the situations described in comment b are present or similar to the facts of the present case. Furthermore, there is no liability for intrusion upon seclusion where the plaintiff or his possessions are in "public and open to the public eye." *Id.* at § 652B cmt. c.

In the present case, Patterson was not at his personal residence at the time of the search and his car was in no way protected from search or examination since it was used in the commission of a criminal act. Patterson simply has no cause of action for intrusion upon

seclusion. That tort is meant to protect the privacy of people and their affairs which are withheld from public view. The protections afforded by § 652B are simply inapplicable where Patterson brought himself and his car into the public view during the commission of a criminal act. This cause of action fails as a matter of law.

**B.**

Second, Patterson asserts a claim against NBC for the "intentional disclosure of private facts." DN 1, p. 6. As described in Patterson's complaint:

> [Two] or [three] months after [October 21, 2007, the date of arrest], NBC aired the segment of 'To Catch a Predator' from the Bowling Green, Kentucky sting. On that segment NBC disclosed parts of [the] conversation between suspect and [the] 'decoy.' The conversation was part of the suspect['s] criminal discovery and was supposed to be confidential information.

*Id.* Although not specifically alleged pursuant the Restatement, the Court finds that this claim is most properly categorized as an alleged violation of the right to privacy arising under §§ 652A(2)(c) and 652D. According to the Restatement:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate public concern.

Restatement (Second) of Torts § 652D (1977). Patterson has no cognizable claim under this tort because the information published by NBC was matter of "legitimate public concern."

The Court need not decide whether NBC published information about Patterson that would be "highly offensive to a reasonable person" because criminals and their actions are matters of "legitimate public concern." There is no invasion of privacy when one publishes information about criminals and their crimes. As stated in the comments to § 652D:

8

> Those who commit crime or are accused of it may not only not seek publicity but may make every possible effort to avoid it, but they are nevertheless persons of public interest, concerning whom the public is entitled to be informed. . . . These persons are regarded as properly subject to the public interest, and publishers are permitted to satisfy the curiosity of the public as to its heroes, leaders, villains and victims, and those who are closely associated with them.

*Id.* at § 652D cmt. f.  Furthermore, "[a]uthorized publicity includes publications concerning homicide and other crimes . . . ." *Id.* at § 652D cmt. g.

At the time NBC disclosed the contents of the conversation between Patterson and the decoy, Patterson was accused of seeking a sexual encounter with a minor child.  Patterson's criminal actions were clearly a matter of "legitimate public concern," and NBC did not invade his right to privacy by publishing information about his actions.  Patterson has no cognizable claim for the invasion of his privacy, and this cause of action fails as a matter of law.

### C.

Finally, Patterson claims that NBC violated his right to privacy through an "intentional intrusion on [his] right to be left alone."  DN 1, p. 6; *See* DN 1-1, pp. 14-15.  According to Patterson, he initially declined to meet the decoy when he learned she was thirteen, but "'[d]ecoy knew suspect['s] vulnerability would wear on him and he would cave if pressured enough. 'Decoy' played on suspect['s] emotions until they got him to drive to the sting house." *Id.*  The Court finds that this claim is most properly categorized as an alleged violation of the right to privacy arising under §§ 652A(2)(a) and 652B.  Again, however, Patterson has failed to state a cognizable claim under this tort.

The tort of intrusion upon seclusion only becomes actionable when one "intrudes . . . upon the solitude or seclusion of another or his private affairs or concerns . . . ."  Restatement (Second) of Torts § 652B (1977).  To be actionable, the defendant must have intruded upon a private place that the plaintiff holds separate and apart from the public.  There can be no invasion

9

of privacy where a plaintiff engages in conduct in a public place. *See id.* § 652B cmt. c.

The events of the present case arose from a conversation in a public chat room on the Internet. There was no intrusion upon his seclusion or his "right to be left alone" where Patterson purposefully made himself available in a public place in order to converse with others. While in the public chat room Patterson was not secluded and was outside of the scope of the protections provided by §§ 652A(2)(a) and 652B. Availing oneself to a public chat room is no different that standing on a street corner and engaging in conversation with passersby. One cannot be intruded upon and has "no right to be left alone," where one has availed himself to the public. As such, Patterson has failed to state a claim for the invasion of his privacy, and this cause of action fails as a matter of law.

## VI.

Finally, NBC moves to dismiss Patterson's cause of action for negligence. Patterson has made no attempt to substantiate this cause of action, and his response brief was entirely silent on the subject. As such, it appears that Patterson has conceded this cause of action. Even if not conceded, however, Patterson has failed to make any factual allegations that would allow the Court to determine that Patterson has a plausible claim for negligence.

In Kentucky "[a]ctionable negligence consists of a duty, a violation thereof, and consequent injury. The absence of any one of the three elements is fatal to the claim." *Williams v. Evan*, 394 S.W.2d 905, 907 (Ky. 1965) (citations omitted). Nowhere in the complaint does Patterson alleged that NBC owed any duty to him, that NBC breached that duty, or that he suffered an injury from the breach.

A complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Patterson's complaint is

entirely void of any factual allegations regarding his claim for negligence, and this cause of action will be dismissed.

## CONCLUSION

Defendant NBC Universal, Inc. has moved to dismiss the remaining state law claims alleged by Plaintiff Michael Patterson. For all of the foregoing reasons the Defendant's motion is GRANTED. A separate order shall issue.